IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID FABBRINI,                        )
                                       )       2:07-CV-1099-GEB-CMK
                    Plaintiff,         )
                                       )
        v.                             )       ORDER*
                                       )
CITY OF DUNSMUIR, JOHN FISHER,         )
BILL SANFORD, KEITH ANDERSON, and      )
DOES 1 through 10, inclusive,          )
                                       )
                    Defendants.        )
                                       )

        Defendants move to dismiss Plaintiff's federal malicious prosecution claim under Federal Rule of Civil Procedure 12(b)(6),[1] and to strike Plaintiff's defamation claim under California's Anti-SLAPP[2] statute.  The gravamen of Plaintiff's action is that Defendants caused a meritless lawsuit to be filed against him and defamed him by

---

        *   This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

        [1]   All subsequent references to "Rules" are to the Federal Rules of Civil Procedure.

        [2]   SLAPP stands for Strategic Lawsuit Against Public Participation.

1

publishing statements about that lawsuit ("the prior action").
Defendant City of Dunsmuir ("the City") initiated the prior action
following a dispute between the City and Plaintiff over a loan to
Plaintiff of City funds and a lease to Plaintiff of City land.[3]  The
City subsequently voluntarily dismissed the prior action.

DISCUSSION

I. Motion to Dismiss Federal Malicious Prosecution Claim[4]

Defendants argue that Plaintiff fails to state a federal
malicious prosecution claim because (a) the prior action that
Defendants filed against Plaintiff did not terminate in Plaintiff's
favor, (b) Defendants had probable cause to institute the prior action
against Plaintiff, (c) Defendants are protected by Noerr-Pennington
immunity, and (d) Defendants John Fisher and Bill Sanford are
protected by absolute legislative immunity.  (Defs.' Mot. to Dismiss
and Mot. to Strike ("Mot.") at 9:14-16.)

To state a federal malicious prosecution claim, Plaintiff
must allege facts showing that the prior action terminated in
Plaintiff's favor, was brought without probable cause, was initiated
by or at the direction of Defendants, was initiated with malice, and
was initiated "for the purpose of denying [Plaintiff] equal protection
or another specific constitutional right."  Awabdy v. City of
Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting Freeman v. City

---

[3]    Defendants Keith Anderson ("Anderson"), Fisher and Sanford
are California public officials.  (Pl.'s Compl. ¶ 6.)  It appears from
the briefs that Fisher and Sanford are members of the city council for
the City and Anderson is a City officer.  (See Opp'n at 13:4; Mot. at
15:4.)   Plaintiff alleges that Defendants "caus[ed]" the City to
institute the prior action.  (Pl.'s Compl. ¶ 1.)

[4]    The Rule 12(b)(6) dismissal standards are well known and need
not be repeated here.

1  of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)); Zamos v. Stroud, 32

2  Cal. 4th 958, 966 (2004) (discussing malicious prosecution elements).

3      A. Termination in Plaintiff's Favor

4          Defendants move to dismiss Plaintiff's federal malicious

5  prosecution claim, arguing that since the City voluntarily dismissed

6  the prior action against Plaintiff without prejudice and for economic

7  reasons, the prior action did not terminate in Plaintiff's favor.

8  (Mot. at 9:19-11:2.)  However, a party's voluntary dismissal is

9  considered a favorable termination for the opposing party unless there

10 is a reason for the dismissal not having to do with the merits of the

11 action.  MacDonald v. Joslyn, 275 Cal. App. 2d 282, 289 (1969).  "The

12 determination of the reasons underlying the dismissal is a question of

13 fact."  Haight v. Handweiler, 199 Cal. App. 3d 85, 89 (1988).

14         Defendants request judicial notice be taken of the City

15 Media Release that states that the prior action was dismissed for

16 economic reasons.  However, "documents are judicially noticeable only

17 for the purpose of determining what statements are contained therein,

18 not to prove the truth of the contents or any party's assertion of

19 what the contents mean."  United States v. S. Cal. Edison Co., 300 F.

20 Supp. 2d 964, 975 (E.D. Cal. 2004) (internal citations omitted).

21 Since Defendants have not demonstrated that their voluntary dismissal

22 of the prior action was unrelated to the merits of the action,

23 Defendants' motion to dismiss Plaintiff's federal malicious

24 prosecution claim on this ground is denied.

25      B. Probable Cause

26         Defendants also move to dismiss Plaintiff's malicious

27 prosecution claim, arguing that Plaintiff has not pleaded facts

28 showing Defendants lacked probable cause to initiate the prior action

3

against Plaintiff, since there was an actual controversy stated therein which created an objectively legally tenable claim for declarative relief.[5]  (Defs.' Reply at 5-11; Mot. at 12:15-14:9.)

However, the mere existence of a dispute does not necessarily make a suit for declaratory judgment "legally tenable" for malicious prosecution purposes.  See Camarena v. Sequoia Ins. Co., 190 Cal. App. 3d 1089, 1097 (1987) (holding that declaratory relief actions may form the basis for a malicious prosecution claim).  Since Defendants have not shown that Plaintiff failed to plead facts establishing that Defendants lacked probable cause to initiate the prior action, Defendants' motion to dismiss Plaintiff's federal malicious prosecution claim on this ground is denied.

C. Noerr-Pennington Immunity

Defendants also move to dismiss Plaintiff's federal malicious prosecution claim, arguing that they are immune from liability for that claim under the Noerr-Penington doctrine.  (Mot. at 11:4-8.)

Plaintiff counters that Noerr-Pennington immunity does not immunize Defendants because the prior action was a "sham litigation." (Pl.'s Opp'n to Defs.' Mot. ("Opp'n") at 11:21-13:1.)  Noerr-Pennington immunity does not immunize a defendant when the defendant filed a "sham litigation."  Sosa v. DIRECTV, Inc., 437 F.3d 923, 938

---

[5]    Although the City also alleged claims for fraud and breach of contract in the prior action, the issue is whether the City had probable cause for its declaratory relief claim since the fraud and breach of contract claims that appeared in the City's first complaint in the prior action were dropped from the City's amended complaint.  See Jenkins v. Pope, 217 Cal. App. 3d 1292, 1300-01 (1990) ("To allow a malicious prosecution suit to be based on a cause of action dropped from an amended complaint would discourage amendment of pleadings to delete theories which come to appear untenable.").

(9th Cir. 2006).  A lawsuit is considered a "sham litigation," inter
alia, "where the lawsuit is objectively baseless and the defendant's
motive in bringing it was unlawful."  Id.  Plaintiff sufficiently
alleges that the City's prior action was objectively baseless and
brought for an unlawful motive.  (See Pl.'s Compl. ¶¶ 19, 21 (alleging
that Defendants caused the prior action to be initiated "with malice,"
in "retaliation against [P]laintiff for his criticism of the [C]ity's
governance")).  Accordingly, Defendants' motion to dismiss Plaintiff's
federal malicious prosecution claim on this ground is denied.

        D. Legislative Immunity

        Defendants Fisher and Sanford also move to dismiss
Plaintiff's federal malicious prosecution claim, arguing that they are
entitled to legislative immunity for their acts of voting, as members
of the City of Dunsmuir city council, to cause the City to institute
the prior action.  (Mot. at 14:10-13.)  However, Plaintiff alleges
Defendants initiated the prior action "with malice" and in
"retaliation against [P]laintiff for his criticism of the [C]ity's
governance."  (Pl.'s Compl. ¶¶ 19, 21.)  Since legislative immunity
"does not extend to even traditionally legislative actions of
officials taken either in bad faith, because of corruption, or
primarily in furtherance of personal instead of public interests,"
Haskell v. Wash. Twp., 864 F.2d 1266, 1278 (6th Cir. 1988), Fisher and
Sanford's motion to dismiss Plaintiff's federal malicious prosecution
claim based on legislative immunity is denied.

II. Anti-SLAPP Motion

        Defendants move to strike Plaintiff's defamation claim under
California's Anti-SLAPP statute.  (See Mot. at 15:11-23:4.)

///

1    A. Plaintiff's Attempt to Voluntarily Dismiss Defamation Claim

2        Plaintiff states in his opposition to Defendants' Anti-SLAPP

3    motion to strike that he "will forthwith dismiss the defamation claim

4    as alleged . . . ."  (Opp'n at 14:20-22.)  However, to dismiss the

5    defamation claim from his multi-claim Complaint, Plaintiff must amend

6    the Complaint under Rule 15.  Hells Canyon Pres. Council v. U.S.

7    Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005) ("[W]ithdrawals of

8    individual claims against a given defendant are governed by [Rule] 15,

9    which addresses amendments to pleadings."); see Ethridge v. Harbor

10   House Rest., 861 F.2d 1389, 1392 (9th Cir. 1988) (holding that a

11   plaintiff "may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a

12   single claim from a multi-claim complaint").  Plaintiff's statements

13   in his opposition brief cannot amend the Complaint under Rule 15.  See

14   Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir.

15   1984) ("[I]t is axiomatic that the complaint may not be amended by the

16   briefs in opposition to a motion to dismiss.").  Accordingly,

17   Plaintiff has not dismissed the defamation claim.[6]

18   B. Anti-SLAPP Standard

19       To succeed on their Anti-SLAPP motion to strike, Defendants

20   must first demonstrate that Plaintiff's defamation claim arises from a

21   _____

22       [6]    Plaintiff also indicates that he may wish to dismiss all
     claims against Anderson.  Plaintiff states in his opposition brief that
23   he "will dismiss the defamation claim against Keith Anderson, because it
     was not [Anderson] who made the statement as set forth in the complaint
24   . . . ."  (Opp'n at 4 n.1.)  Plaintiff further states, in opposing
     Defendants' Anti-SLAPP motion, that "[b]ecause Keith Anderson was not
25   the one, at least apparently, who made such statement, he will be
     dismissed as a defendant."  (Id. at 15:3-4.)  Plaintiff also omits
26   Anderson's name from the caption in Plaintiff's opposition brief.  These
     representations do not unambiguously demonstrate whether Plaintiff
27   intended to dismiss all claims against Anderson or solely the defamation
     claim against Anderson.  (Id. at 4 n.1.)  Therefore, Anderson remains a
28   Defendant in this action.

protected activity; in other words, Defendants must show that the act of which Plaintiff complains was taken "in furtherance of the [Defendants'] right of petition or free speech under the United States or California Constitution in connection with a public issue" as defined in the Anti-SLAPP statute.  Cal. Civ. Proc. Code § 425.16(b)(1); Equilon Enters. v. Consumer Cause, Inc., 29 Cal. 4th 53, 67 (2002).  Second, "[i]f the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim."  Id. at 67.

     C. Protected Activity

          Plaintiff's defamation claim is based on a statement in a City press release and other "defamatory statements to members of the public through publication of news articles regarding plaintiff's actions that allegedly led to [Defendants'] filing of the [prior action] and by asserting that he had engaged in wrongdoing regarding the [] lease."  (Pl.'s Compl. ¶ 28.)

          Defendants argue that making the statements in the press release and the "news articles" was protected activity under the Anti-SLAPP statute.  (Mot. at 16:26-19:8.)  "[A] writing made in . . . a public forum in connection with an issue of public interest" is a protected activity for Anti-SLAPP purposes.  Cal. Civ. Proc. Code § 425.16(e).  The City's press release and the "news articles" constituted statements in public fora.  See Damon v. Ocean Hills Journalism Club, 85 Cal. App. 4th 468, 476 (2000) (holding that a newsletter containing a "single viewpoint" was a public forum "in the sense that it was a vehicle for communicating a message about public matters to a large and interested community"); Annette F. v. Sharon S., 119 Cal. App. 4th 1146, 1161 (2004) (holding that a news

publication is a public forum).  Further, the statements were in
connection with the litigation between the City and Plaintiff and the
loan to Plaintiff of public funds.  (Pl.'s Compl. ¶ 14.)  These were
issues of public interest.  See Copley Press, Inc. v. Sup. Ct., 63
Cal. App. 4th 367, 376 (1998) ("[T]he public has a legitimate interest
in knowing how public funds are spent and how claims (formal or
informal) against public entities are settled.").  Accordingly,
Defendants have met their burden of demonstrating that making the
allegedly defamatory statements in the press release and in the news
publications were protected activities under the Anti-SLAPP statute.

D. Plaintiff's Probability of Prevailing on the Merits

        In opposing the Anti-SLAPP motion, Plaintiff "cannot simply
rely on [his] pleadings, even if verified, but must adduce competent,
admissible evidence" to establish a probability of prevailing on the
merits.  Roberts v. Los Angeles County Bar Ass'n, 105 Cal. App. 4th
604, 613-614 (2003).

        Plaintiff has not demonstrated a probability of prevailing
on the merits of his defamation claim based on the press release.
Since Plaintiff failed to provide evidence demonstrating that he filed
a tort claim with the City alleging that the press release was
defamatory, Plaintiff has not shown that the defamation claim is not
barred by the California Tort Claims Act.  See Cal. Gov't Code §§ 900
et seq.; see Rabkin v. Dean, 856 F. Supp. 543, 553 (N.D. Cal. 1994)
(dismissing claim for defamation against city council member because
plaintiff "fail[ed] to comply with the claims procedure of the
California Tort Claims Act").

        Further, Plaintiff has not demonstrated a probability of
prevailing on the merits of his defamation claim based on the other

8

"defamatory statements to members of the public through publications of news articles" because Plaintiff has presented no admissible evidence of these other statements or who made them.  (Pl.'s Compl. ¶ 28.)  "Even under liberal federal pleading standards, general allegations of the defamatory statements which do not identify the substance of what was said are insufficient."  Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004) (holding that a "defamation claim is insufficient" because the plaintiff failed to "identify and state the substance of the allegedly defamatory statement").  Accordingly, Defendants' Anti-SLAPP motion to strike Plaintiff's defamation claim is granted.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's federal malicious prosecution claim is denied and Defendants' Anti-SLAPP motion to strike is granted.

IT IS SO ORDERED.

Dated:  February 11, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge