IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID FABBRINI, | ) | |
| | ) | 2:07-CV-1099-GEB-CMK |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER* |
| | ) | |
| CITY OF DUNSMUIR, JOHN FISHER, | ) | |
| BILL SANFORD, KEITH ANDERSON, and | ) | |
| DOES 1 through 10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants seek attorney's fees and costs incurred in moving to strike Plaintiff's defamation claim under California's Anti-SLAPP statue.[1] Plaintiff objects to the fee request, arguing (1) the amount of time Defendants spent preparing the motion was unreasonable and (2) Defendants are not entitled to recover fees incurred drafting portions of the Anti-SLAPP motion which were intertwined with Defendants'

---

\* This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

[1] SLAPP stands for Strategic Lawsuit Against Public Participation.

1

1 unsuccessful motion to dismiss Plaintiff's federal malicious
2 prosecution claim.
3        "[A] prevailing defendant on a[n] [Anti-SLAPP motion] shall
4 be entitled to recover his or her attorney's fees and costs."  Cal.
5 Code Civ. P. § 425.16(c).  "An award of attorney fees and costs [under
6 the Anti-SLAPP statute] must be reasonable," and the court has "broad
7 discretion in determining the reasonable amount of attorney fees and
8 costs to award to a prevailing defendant."  Metabolife Int'l, Inc. v.
9 Wornick, 213 F. Supp. 2d 1220, 1221-22 (S.D. Cal. 2002).  "[F]ees
10 incurred in drafting the [Anti-SLAPP motion that] overlap those fees
11 incurred in drafting the motion to dismiss . . . are recoverable [if]
12 they were 'in connection with' the motion to strike and were
13 'necessary to prevail.'"  Mory v. City of Chula Vista, 2008 WL 360449,
14 *11-12 (S.D. Cal. Feb. 11, 2008) (quoting Metabolife Int'l, Inc. v.
15 Wornick, 213 F. Supp. 2d 1220, 1221-24 (S.D. Cal. 2002)).

### I. Anti-SLAPP Portion of Motion

17        Defendants' counsel spent 58.2 hours solely on the Anti-
18 SLAPP portion of the motion.  (See Decl. Cori Sarno in Supp. of Defs.'
19 Mot. for Atty's Fees ("Sarno Decl.") ¶¶ 2-7, Ex. A.)  Plaintiff
20 contends the amount of time Defendants' counsel spent preparing the
21 Anti-SLAPP motion was unreasonable since the motion was
22 "uncomplicated" and Plaintiff indicated in his opposition to the
23 motion that he intended to withdraw his defamation claim.  (Opp'n at
24 3-4.)  However, Defendants argue the motion was fairly complicated
25 since it involved investigation of the factual basis of Plaintiff's
26 defamation claim as well as the issue of whether Plaintiff had
27 complied with California's Government Claims Act.  (Defs.' Reply at
28 6:20-8:28.)  Further, Defendants argue they were entitled to

attorney's fees under California law even if Plaintiff intended to withdraw his defamation claim. See eCash Techs., Inc. v. Guagliardo, 210 F. Supp. 2d 1138, 1154 (C.D. Cal. 2000). Plaintiff has not shown that the amount of time Defendants spent just preparing the Anti-SLAPP portion of the motion was unreasonable under the circumstances; therefore, Defendants are entitled to $8,180.50 in attorney's fees for the 58.2 hours spent preparing the Anti-SLAPP portion of the motion.

## II. "Inextricably Intertwined" Portions of Motion

Defendants also seek 75.6 hours "incurred with respect to portions of the Motion to Dismiss/[Anti-SLAPP motion] which, although common to both motions, were 'inextricably intertwined with,' and thus incurred 'in connection with,' Defendants' Anti-SLAPP motion." (Mot. at 3:23-27.) Defendants submitted a single memorandum of points and authorities and a single reply brief to support both their successful Anti-SLAPP motion and their unsuccessful motion to dismiss.

Defendants' timesheet identifies entries that Defendants contend were inextricably intertwined with the Anti-SLAPP motion. However, one of these entries was not connected to the Anti-SLAPP motion:  Defendants seek 1.2 hours of attorney's fees for "[p]repar[ing] evidence as exhibits to Declaration of Cori Sarno in Support of Motion to Dismiss/Anti-SLAPP Motion." (See Sarno Decl. Ex. A.) This evidence did not relate to the Anti-SLAPP portion of Defendant's motion; therefore, this time is not recoverable. (See Decl. of Cori Sarno in Supp. of Defs.' Mot. to Dismiss and Mot. to Strike.)

Further, several timesheet entries contain "block billing" which consists of multiple tasks entered as a single entry; some of these tasks are inextricably intertwined with the Anti-SLAPP motion

3

and some are not. The timesheet does not explain how much time was spent on each task within an entry. Defendants seek four hours of attorney's fees for "[f]urther drafting of background facts and [the] Section 1983 section of motion." (See Sarno Decl. Ex. A.) The background facts were "inextricably intertwined" with the Anti-SLAPP motion, but the drafting of the Section 1983 portion of the motion was not. Defendants also seek 1.6 hours of attorney's fees for: "Receive e-mail from [client] regarding opposition and draft response e-mail; [b]egin research for Reply regarding elements of malicious prosecution." (Sarno Decl. Ex. A.) The e-mail from the client was inextricably intertwined, but the research on Plaintiff's malicious prosecution claim was not. Defendants also seek 10.2 hours of attorney's fees for: "Supplement research on regarding legislative immunity, Noerr-Pennington immunity, burdens of proof for immunity, dismissal with prejudice and research plaintiff's authority for malicious prosecution arguments; continue drafting Reply introduction, argument regarding Noerr-Pennington doctrine and edit and supplement draft of entire Reply." (Sarno Decl. Ex. A.) Only the "continue drafting Reply introduction" and the "edit and supplement draft of entire Reply" tasks listed in this entry were inextricably intertwined with the Anti-SLAPP motion.

        Defendants as the moving parties have the burden to submit supporting documentation with their fee motion that provides "sufficient detail so that the Court can determine 'with a high degree of certainty' that the hours billed were actually and reasonably expended." Hiram C. v. Manteca Unified Sch. Dist., 2004 WL 4999156, *2 (E.D. Cal. Nov. 5, 2004) (quoting Watkins v. Vance, 328 F. Supp. 2d 27, 31 (D.C.2004)). Courts "frow[n] on block billing where discrete

1 and unrelated tasks are lumped into one entry, as the practice can
2 make it impossible . . . to determine the reasonableness of the hours
3 spent on each task." Defenbaugh v. JBC & Assocs., Inc., 2004 WL
4 1874978, *9 (N.D. Cal. Aug. 10, 2004).  When a party has used "block
5 billing," the court has discretion to deny recovery of attorney's fees
6 for the block-billed entry.  See Pande v. ChevronTexaco Corp., 2008 WL
7 906507, *8 n.5 (N.D. Cal. April 1, 2008) (denying recovery of
8 attorney's fees for entry which included both recoverable and non-
9 recoverable tasks); Oberdorfer v. Glickman, 2001 WL 34045732, *4-5 (D.
10 Or. Sept. 14, 2001) (same); Reyes v. Nations Title Agency of Ill.,
11 Inc., 2001 WL 687451, *1 (N.D. Ill. June 19, 2001) (same); Harper v.
12 City of Chicago Heights, 223 F.3d 593, 605 (7th Cir. 2000) ("When a
13 fee petition is vague or inadequately documented, a district court may
14 . . . strike the problematic entries . . . .").
15     Since the block billing that was used "makes it impossible
16 to determine how much of the time was spent" on tasks inextricably
17 intertwined to the Anti-SLAPP motion, "the entire time for these
18 block-billed entries," or 15.8 hours, is excluded.  See Pande, 2008 WL
19 906507, *8 n.5.  This exclusion plus the non-recoverable time of 1.2
20 hours which was not connected to the Anti-SLAPP motion, reduces the
21 75.6 hours in fees Defendants seek, and reveals Defendants are
22 entitled to 58.6 hours, or $8,374, for this portion of their motion.

### II. Attorney's Fees Motion

24 Defendants also request attorney's fees and costs incurred
25 in connection with their attorney's fees motion.  (Mot. at 4:19-26.)
26 "Time spent preparing a motion for attorneys' fees is generally
27 compensable."  Cohen v. Williams, 2007 WL 174329, at *4 (E.D. Cal.
28 Jan. 22, 2007).  Defendants counsel spent 32.7 hours preparing their

attorney's fees motion, which amounts to $4,006.25 in attorney's fees. (Sarno Decl. ¶ 8, Ex. B.)  This amount does not include time Defendants spent preparing their reply brief in support of their attorney's fees motion, since Defendants failed to submit documentation in support of their argument that they are entitled to these fees.

### IV. Summary

For the stated reasons, Defendants prevail in part on their attorney's fees motion, and are granted $20,560.75 in attorney's fees ($8,180.50 for the Anti-SLAPP portion of their motion, $8,374 for the inextricably intertwined portions of their motion, and $4,006.25 for their attorney's fees motion).

IT IS SO ORDERED.

Dated:  April 21, 2008

```
                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge
```